FILED
00 AUG 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASHRETRIEVER SYSTEMS, INC., } <br> } <br> Plaintiff, } <br> } <br> v. } <br> } <br> MEMORIAL HEALTH SYSTEMS OF } <br> EAST TEXAS, } <br> } <br> Defendant. } | CIVIL ACTION NO. <br><br> 00-AR-1379-S |

ENTERED
AUG 14 2000

**MEMORANDUM OPINION**

The court has before it the motion of defendant, Memorial Health Systems of East Texas, to dismiss the above-entitled action pursuant to Rule 12(b)(2) or (3), F.R.Civ.P., or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Texas. The motion was orally argued on August 11, 2000.

It would take "long arm" jurisdiction into a new dimension if the court found in this case the existence of minimal contacts by this defendant with the State of Alabama upon which to premise *in personam* jurisdiction and the obligation to defend in Alabama. Defendant did nothing in relation to Alabama except to hire the Alabama plaintiff, namely, CashRetriever Systems, Inc., to perform a contract that was solicited and negotiated in Texas. The mere performance of the contract by the **plaintiff** in Alabama cannot be

the "doing of business" by the **defendant** in Alabama. The using of defendant's name, something that was clearly necessary for the performance of this particular contract, did not constitute the "doing of business" by the Texas defendant.  The proper forum is the court located where defendant is located.  Rather than to dismiss the action without prejudice, the case will be transferred to Texas.

    DONE this ___14___ day of August, 2000.

                                        WILLIAM M. ACKER, JR.
                                        UNITED STATES DISTRICT JUDGE